# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY J. DILLON, III, ) | 1:07-CV-00118 AWI SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS PURSUANT TO 28 |
| ) | U.S.C. § 2241 |
| D. SMITH, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to a judgment of the United States District Court for the Western District of Pennsylvania entered on November 19, 1993, following his conviction by jury trial of conspiracy to distribute crack and powder cocaine in violation of 21 U.S.C. §§ 841(a), 846, and 924(c). See Petition at 2. Petitioner was sentenced to a determinate prison term of 322 months. Id.

Petitioner appealed the conviction to the Third Circuit Court of Appeals. The appeal was

---

[1]This information was derived from the petition for writ of habeas corpus.

1 denied on June 26, 1996. Id.

2 On January 23, 2007, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner claims he was sentenced in violation of the Constitution, because the Ninth Circuit Court of Appeals has determined 18 U.S.C. § 3553(b)(2) to be unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005).

**JURISDICTION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner states he has not raised his challenges in any federal action; he states he has only sought administrative review within the institution. Thus, § 2255 relief remains available to Petitioner.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The Ninth Circuit has stated that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim. Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner does not claim § 2255 to be inadequate and ineffective. And since § 2255 relief remains available to Petitioner, he still has a procedural opportunity to challenge his sentence based on the Booker decision. Therefore, the petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a

1  document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
2  Replies to the objections shall be served and filed within ten (10) court days (plus three days if
3  served by mail) after service of the objections. The Court will then review the Magistrate Judge's
4  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections
5  within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst,
6  951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 31, 2007**          /s/ Sandra M. Snyder
icido3                                  UNITED STATES MAGISTRATE JUDGE