UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PERCY J. DILLON, III, | ) | 1:07-CV-00118 AWI SMS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #4] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| D. SMITH, | ) | [Doc. #1] |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 1, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be DISMISSED for failure to allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within ten (10) court days of the date of service of the order.

On February 15, 2007, Petitioner filed objections to the Findings and Recommendation.

Petitioner claims he is not challenging the validity or constitutionality of his sentence. Petitioner attempts to circumvent the narrow gateway of the savings clause by characterizing his attack as one based on 18 U.S.C. § 3582(c)(1)(A)(i). However, Petitioner's argument is without merit. Section 3582(c)(1)(A)(i) states:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

(Italics added.)

Therefore, the statute is inapplicable in this case, because the party bringing a motion under this section must be the Director of the Bureau of Prisons, not Petitioner.

In addition, Petitioner references a number of cases which involved recall of the mandate. These cases do not aid Petitioner. In the cases Petitioner cites, relief was requested from the sentencing judge or the Ninth Circuit. For example, in Carrington v. United States, 470 F.3d 920 (9th Cir. 2006), one defendant filed a writ of audita querela for relief from an unconstitutional sentence. A second defendant in that case filed a motion for modification of his sentence. The sentencing judge joined the two cases, denied relief and petitioned the Ninth Circuit to recall the mandate in both cases so the sentencing judge could resentence the defendants. In United States v. Crawford, 422 F.3d 1145 (9th Cir. 2005), the appellate court recalled its own mandate which had affirmed the sentence, vacated the sentence, and remanded the case to the district court for resentencing. From these cases, it is clear Petitioner has requested relief from the wrong court. His request for recall of the mandate should be made to the sentencing court and the appellate court. To the extent he has sought relief via the savings clause, his objections present no grounds for questioning the Magistrate Judge's analysis.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis.

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. The Findings and Recommendation issued February 1, 2007, is ADOPTED IN FULL;

3  2. The Petition for Writ of Habeas Corpus is DISMISSED;

4  3. The Clerk of Court is DIRECTED to enter judgment.

6  IT IS SO ORDERED.

7  **Dated:    March 13, 2007**              **/s/ Anthony W. Ishii**
0m8i78                                        UNITED STATES DISTRICT JUDGE